UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL PHILLIP SINGH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-260-DRL-MGG |
| LaPORTE COUNTY JAIL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Michael Phillip Singh, a prisoner without a lawyer, filed a complaint challenging two distinct aspects about his detention in the LaPorte County Jail: the "legal mail" policy and being housed with three people in a two-person cell. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Singh first complains that jail staff photocopied his incoming "legal privileged mail," which he contends violates his right to privacy. ECF 1 at 3. The copied piece of mail, attached as an exhibit, is a court order from the LaPorte Superior Court. ECF 1-1 at 4-6. Publicly filed court orders are not entitled to heightened constitutional protection in jails. Constitutionally protected legal mail is defined as letters that are marked with an

attorney's name and that provide a warning that the letter is legal mail. *Kaufman v. McCaughtry,* 419 F.3d 678, 686 (7th Cir. 2005). Otherwise, jails are permitted to open and inspect mail as needed in order to ensure it does not contain contraband. *Id.* at 685-86. Communications from the court addressed to an inmate are deemed public, so are not entitled to the same constitutional protections as communication with an attorney. *See Guajardo-Palma v. Martinson,* 622 F.3d 801, 804 (7th Cir. 2010) (holding prison officials have a right to read communications from courts and agencies). An individual jail is free to include court orders in its definition of "legal mail" and grant them the same heightened protection as attorney mail. But that does not bestow court orders with special constitutional protections. Violations of jail regulations or state law alone do not violate the Constitution. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003). Therefore, while the decision to photocopy the court order may have violated jail regulations, it did not violate any constitutional provision.

Next, Mr. Singh complains that due to overcrowding at the jail, three people had to share a two-person cell and he was forced to sleep on a mat on the floor. ECF 1 at 3. He contends that he is entitled to a bed and 35 square feet of space, but because of the extra person in the cell, he had only 24 square feet. *Id.* Mr. Singh alleges that because of the cramped space, urine from the toilet splashes on his sheets and mat. *Id.* Mr. Singh blames the overcrowding as the reason he contracted COVID-19. *Id.*

Because Mr. Singh filed this action as a pretrial detainee, the court must assess his claims under the Fourteenth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause

prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* (quotation marks omitted). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

Mr. Singh's complaint does not plausibly allege the cell conditions violated the Fourteenth Amendment. Adding a third person to a two-person cell, alone, does not violate the Constitution. *See French v. Owens*, 777 F.2d 1250, 1252 (7th Cir. 1985) ("[T]he mere practice of double celling is not *per se* unconstitutional."); *cf. McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011) (concluding that triple-celling does not automatically violate the Eighth Amendment). There is no *per se* amount of square footage an inmate must have under the Constitution. Instead, the amount of space that is constitutionally required depends on a number of factors. "Various [jail] conditions do not exist in isolation. Rather, challenged conditions must be viewed in the light of other [jail] conditions that may aggravate or mitigate the effect of the challenged conditions. For example, the constitutionality of double-celling involves an assessment

3

of many factors, including, *inter alia,* the duration of the confinement, the size of the cells and the opportunities for inmates to leave their cells during the normal prison routine." *Wellman v. Faulkner*, 715 F.2d 269, 274–75 (7th Cir. 1983) (quotation marks omitted). Further, sleeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities. *See, e.g., Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). And although conditions involving human waste touch on health concerns and general standards of dignity, *see Norfleet v. Stroger*, 297 F. App'x 538, 540 (7th Cir. 2008), the allegations here are too sparse about the degree of exposure to determine whether the allegations state a claim.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Singh may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. In that amended complaint, he needs to explain how each defendants was personally involved in the alleged constitutional violation. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

4

For these reasons, the court:

(1) GRANTS Michael Phillip Singh until **May 10, 2022**, to file an amended complaint; and

(2) CAUTIONS Michael Phillip Singh if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 11, 2022  *s/ Damon R. Leichty*
Judge, United States District Court